**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHARLENE ROBSON, etc.,

    Plaintiff,

v.                                               Case No. 3:06-cv-249-J-HTS

JO ANNE B. BARNHART,
Commissioner of
Social Security,

    Defendant.
_____

**OPINION AND ORDER**[1]

**I.  Status**

Charlene Robson is appealing the Social Security Administration's denial of her claim for Disability Insurance Benefits and Supplemental Security Income. Her alleged inability to work is based on multiple problems including muscular pain, headaches, arthritis, anxiety, and insomnia. Transcript of Administrative Proceedings (Tr.) at 75. Plaintiff was found not disabled by Administrative Law Judge (ALJ) Edward J. Banas in a

---

[1]  The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #18).

Decision entered on October 15, 2005. Tr. at 15, 23 (Finding 7). Ms. Robson has exhausted the available administrative remedies and the case is properly before the Court.

Plaintiff raises two issues. She first argues "the administrative law judge [failed to] fully and fairly evaluate[] the restrictions from the orthopedic medical expert[.]" Memorandum in Support of Complaint (Doc. #17; Memorandum) at 5 (emphasis and capitalization omitted). Additionally, she contends the judge should have considered "the entire report from the psychological medical expert[.]" *Id.* at 6 (emphasis and capitalization omitted).

## II.  Legal Standard

This Court reviews the Commissioner's final decision as to disability[2] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if . . . supported by 'substantial evidence[.]'" *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such

---

[2] "Disability" is defined in the Social Security Act as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Despite the existence of support in the record, the ALJ's determination may not be insulated from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached.  *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

**A.  Residual Functional Capacity (RFC)**

Ms. Robson contends the judge "did not specify any limitations with regard to the upper extremities . . . although [such] limitations are noted in the evaluation by Dr. [Hugh E.] Switzer." Memorandum at 5.  Because "there is medical evidence at least suggesting some limitations with regard to the upper extremeties[,]" it is argued, Plaintiff may be unable to return to her former work as a payroll clerk. *Id.* at 6.

An individual's impairments, including any related symptoms, such as pain, "may [result in] physical and mental limitations that affect what [one] can do in a work setting."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  RFC is defined in the regulations as what an individual "can still do despite [his or her] limitations."  *Id.*  It can include descriptions of limitations

apart from those observed in the diagnosis and treatment of a medical condition. *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Thus, "observations of [a claimant's] limitations from [his or her] impairments . . . provided by [the claimant, his or her] family, neighbors, friends, or other persons[]" will be considered. *Id.* This assessment is not to be equated with the ultimate decision on disability, but is merely an interim evaluation considered along with other factors in making the disability decision. *See id.* §§ 404.1545(a)(5)(ii), 416.945(a)(5)(ii). An individual's limitations may be exertional, nonexertional, or both. *Id.* §§ 404.1569a(a), 416.969a(a).

The regulations provide that decisions regarding an individual's RFC are made solely by the Commissioner. *See id.* §§ 404.1546, 416.946. According to SSR 96-8p, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"

Here, the judge found "the claimant has the residual functional capacity to perform a significant range of light work." Tr. at 19 (emphasis omitted). However, he determined "[s]he is limited to relatively simple, routine work. She is occasionally able to climb stairs, ramps, ladders, ropes or scaffolds and occasionally balance, stoop, kneel, crouch and crawl and needs to

avoid hazards[.]" *Id.* (emphasis omitted). The ALJ further concluded this RFC did not preclude performance of her "past relevant work as a payroll clerk." *Id.* at 22 (emphasis omitted).

The Commissioner concedes "the RFC finding did not include Dr. Switzer's opinion that Plaintiff had a limited ability to push and pull." Memorandum in Support of the Commissioner's Decision (Doc. #19) at 5. Defendant argues "this omission is of no consequence because these activities are not required to any significant degree to perform Plaintiff's past relevant work[.]" *Id.* Indeed, SSR 96-9p explains that "[l]imitations or restrictions on the ability to push or pull will generally have little effect on the unskilled sedentary occupational base[,]" an observation that seems equally applicable to semi-skilled work like that of a payroll clerk, which is described as sedentary. *See* Tr. at 415; Dictionary of Occupational Titles 215.382-014 (4th ed., revised) (1991); *cf. Wallace v. Apfel*, No. C 00-0376 SI, 2001 WL 253222, at *5 (N.D. Cal. Mar. 2, 2001) (being restricted from pushing or pulling forcefully would have no significant impact on ability to perform sedentary work). Additionally, in the medical record at issue Dr. Switzer failed to indicate the degree of pushing or pulling restrictions, despite the form's instruction to do so. *See* Tr. at 344.

Claimant does not even explicitly assert the position of payroll clerk involves more pushing or pulling than she can accomplish. Rather, she focuses on the work's requirement of "an ability to frequently finger, reach and handle." Memorandum at 6. In this regard, she cites her own testimony "that she has difficulty using her hands due to stiffness and cramping," *id.* at 5, and asserts "[t]hese statements are not entirely inconsistent with Dr. Switzer's opinion." *Id.* at 5-6.

Plaintiff's argument is not persuasive. Dr. Switzer specifically opined Ms. Robson's reaching, handling, and fingering abilities were unlimited. Tr. at 345. Moreover, Claimant offers no support for her allegations concerning dexterity, apart from their alleged consistency with Dr. Switzer's findings. This is plainly insufficient to establish any error by the ALJ.

**B.  Evidence Not Discussed**

Plaintiff additionally contends "Judge Banas placed great significance on Dr. [Jerry] Valente's report but did not adequately discuss all the findings in that report. According to the handwritten notes from Dr. Valente, she has depressive symptomatology that is 'totally disabling.'" Memorandum at 6; *cf.* Tr. at 331 (handwritten note that test results reflect "disabling depressive symptomatology").

"Although an ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . ." *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Rather, the judge "must explain why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (citation and internal quotation marks omitted).

Nevertheless, a conclusion as to disability or ability to work is essentially legal rather than medical. It "is not the type of 'medical opinion' to which the Commissioner gives controlling weight." *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (per curiam) (determinations about disability or ability to work "are legal conclusions[,]" not medical opinions). As a physician "is not qualified to make" judgments as to disability or ability to work as defined by law, *Whittington v. Bowen*, 700 F. Supp. 257, 260 (E.D. Penn. 1988), an ALJ would be unjustified in according significance to legal determinations offered by doctors. Accordingly, the judge will not be faulted for omitting mention of any conclusion as to disability submitted by someone serving in the capacity of medical or psychological expert.

Unfortunately, it appears the ALJ did overlook at least one handwritten portion of Dr. Valente's assessment. Whereas the judge

noted simply that Plaintiff's memory was "intact[,]" Tr. at 19, and recounted the doctor's opinion she was limited "in her ability to . . . remember . . . detailed job instructions[,]" *id.* at 21-22, he failed to make mention of the examiner's more general finding that Ms. Robson's memory was moderately impaired. *See id.* at 332 (also stating that "memory[,] judgment, concentration, [and] reasoning are impaired" to such a degree that at times Claimant "is unable to function"). Since Dr. Valente specified memory was "[an]other capabilit[y] affected[,]" *id.*, i.e., a capability other than those already taken account of by the form, it would be reasonable to interpret the opinion as indicative of more extensive restrictions than those reflected elsewhere on the form.

While the Court does not intend to suggest Plaintiff should ultimately be found disabled, it considers remand appropriate in this instance to provide the ALJ an opportunity to examine more closely the evidence from Dr. Valente.

## IV. Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) **REVERSING**

the Commissioner's decision and **REMANDING** this matter with instructions to: 1) reconsider the evidence of record from Dr. Valente; and 2) conduct any other proceedings deemed proper.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of January, 2007.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
      and pro se parties, if any