UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


CHARLENE ROBSON, etc.,

          Plaintiff,

v.                                    CASE NO. 3:06-cv-249-J-HTS

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

          Defendant.
_____

**O R D E R**

     This cause is before the Court on Plaintiff's Petition for Attorney's Fees (Doc. #22; Petition).  Having determined "the Petition may have been untimely filed[,]" Order (Doc. #23) at 1, the Court directed the parties to file memoranda on the issue. *Id.* at 1-2.  In her response, Plaintiff "concedes that the [Petition] is untimely and agrees that [it] should be denied."  Plaintiff's Response to Petition Seeking Attorney's Fees (Doc. #25) at 2.

     Under the Equal Access to Justice Act (EAJA), "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses" containing the requisite information.  28 U.S.C. § 2412(d)(1)(B). A "'final judgment' means a judgment that is final and not appealable[.]"  § 2412(d)(2)(G). A judgment becomes final and nonappealable after sixty (60) days

following its entry.   *See* Rule 4(a)(1)(B), Federal Rules of Appellate Procedure.

In this case, the Judgment in a Civil Case (Doc. #21; Judgment) was entered by the Clerk of the Court on January 24, 2007.   The Judgment became final sixty (60) days later, or at the end of the day on March 26, 2007.[1]  Plaintiff then had thirty (30) days, or until April 25, 2007, to file a motion for attorney fees under EAJA.   The Petition was not filed, however, until June 15, 2007.

Notwithstanding the Court's recognition of counsel's diligence and the long hours he expended in the successful representation of his client, regrettably, the Court must find the Petition to have been untimely filed.   Accordingly, the Petition (Doc. #22) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of July, 2007.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
     pro se parties, if any

---

[1]     Because the last day of the sixty (60) day period fell on March 25, 2007, a Sunday, the deadline for filing an appeal extended until the next business day.  *See* Rule 26(a)(3), Federal Rules of Appellate Procedure.

- 2 -